## DOROTHY SOLTIS v. NINA GEARY.
## ROBERT L. SOLTIS, THIRD-PARTY DEFENDANT.

176 N. W. (2d) 633.

April 17, 1970—No. 41794.

---

[7] See, Carrington v. Rash, 380 U. S. 89, 85 S. Ct. 775, 13 L. ed. (2d) 675; Johnson v. State Civil Service Dept. 280 Minn. 61, 157 N. W. (2d) 747.

*Carroll, Cronan, Roth & Austin* and *Edward R. Soshnik,* for appellant.

*Roy A. Schwappach* and *Edward H. Borkon,* for respondent Dorothy Soltis.

Heard before Nelson, Rogosheske, Sheran, Frank T. Gallagher, and Theodore B. Knudson, JJ.

ROGOSHESKE, JUSTICE.

Appeal from an order denying the motion of defendant Nina Geary for a new trial on the issues of both liability and damages or in the alternative for a remittitur reducing an award for personal-injury damage to plaintiff from $10,000 to $2,500.

The only issue presented is whether it was an abuse of discretion for the trial court to refuse to set aside or reduce the verdict as excessive. We hold that it was not.

The action arose out of a July 1964 collision between two automobiles in an intersection in Minneapolis controlled by traffic semaphores. Plaintiff, Dorothy Soltis, was a passenger in the automobile driven by Robert Soltis, her son, whom defendant Nina Geary, the driver of the other automobile, impleaded as a third-party defendant. Liability was contested essentially upon the claim of right-of-way, with both drivers claiming the benefit of the traffic light. The impact was a minor one, causing only about $160 damage to the front of the Soltis vehicle and more substantial but an undisclosed dollar amount of damage to the left rear portion of the side of the Geary vehicle. Plaintiff, aged 49 at the time of the accident and 53 at the time of the trial, sustained "acute neck strain," which she claimed resulted in permanent disability. The jury by special verdict found defendant Geary (hereinafter defendant) solely liable and awarded plaintiff $10,000 damages, of which $90 represented her total medical expense and about $300 loss of wages.

Defendant's post-trial motion was based upon the grounds that the evidence was insufficient to justify the award, and that it was given under the influence of passion and prejudice induced by misconduct of plaintiff's counsel in final argument. In refusing to set aside the verdict or reduce it, the court explained:

"The verdict was quite generous compared to usual verdicts in similar cases. However, plaintiff's medical expert testified that her injuries were permanent and that she will continue to have periodic pain and disability for the rest of her life. Defendant did not call a medical witness. On the whole, the case was fairly tried and we cannot say, as a matter of law, that the verdict is so excessive that it should be set aside. The evidence clearly justified the decision of the jury that defendant's negligence was the sole cause of the accident and resulting injuries."

With respect to defendant's claim of prejudicial misconduct in final argument, the record makes clear that this claim is makeweight, asserted to support her argument that the award is disproportionate to plaintiff's injuries and unjustified by the evidence. Defendant made no objection either during or at the conclusion of the argument or before the court's charge to the jury. It was only after the charge that defendant's counsel voiced objections merely for the record. He did not request, indeed did not desire, any corrective action by the court. The specific improprieties claimed could not be characterized as so flagrant as to require the trial court to act on its own motion.[1] Except for an inappropriate reference to the defenses of assumption of risk and contributory negligence alleged in defendant's answer, the argument was not improper. We do not view the argument as prejudicial, and we agree with the trial court that the case was fairly tried.

With respect to the request for a remittitur, the case is unusual because the trial judge was squarely confronted with the questions of whether the evidence required a reduction of the award

---

[1] Pautz v. American Ins. Co. 268 Minn. 241, 128 N. W. (2d) 731.

and, if so, the amount of the reduction. See, Auger v. Rofshus, 267 Minn. 87, 125 N. W. (2d) 159.[2] It is apparent that in exercising his discretionary authority with respect to a remittitur the trial judge's refusal to order one was based upon his independent appraisal of the evidence bearing on damages and his determination that the award was within permissible evidentiary limits.

Although it is usually stated that the question on review is narrowly limited to whether or not the trial judge has abused his discretion,[3] our appellate responsibility requires that in resolving the question we employ substantially the same procedure and standard as the trial judge. E. g., Kroeger v. Lee, 270 Minn. 75, 132 N. W. (2d) 727. However, in our appraisal of the evidence we should exercise great restraint, recognizing that the trial judge has the primary responsibility to supervise jury awards since he is in the best position to assess the relative credibility of the testimony of the injured party and other witnesses who appeared at trial. Additionally, he is often possessed of information not reflected in the record which may have affected the amount of the verdict. Nevertheless, in cases such as this there can be no doubt that we must review the amount of the award, and if we find the award excessive, we must set the verdict aside or by use of a remittitur express our collective judgment as to the outer limits justified by the individualized evidence in the record. While it is difficult to articulate the standard governing our review of the decision of the trial judge, we believe it has been stated as well as it can be in Dagnello v. Long Island R. Co. (2 Cir.) 289 F. (2d) 797, 806:[4]

"* * * If we reverse, it must be because of an abuse of dis-

---

[2] See, also, Tanski v. Jackson, 269 Minn. 304, 130 N. W. (2d) 492; McCormick v. Malecha, 266 Minn. 33, 122 N. W. (2d) 446.

[3] McCormick v. Malecha, 266 Minn. 33, 39, 43, 122 N. W. (2d) 446, 451, 453.

[4] This standard of apellate review was approved in Grunenthal v. Long Island R. Co. 393 U. S. 156, 89 S. Ct. 331, 21 L. ed. (2d) 309.

cretion. If the question of excessiveness is close or in balance, we must affirm. The very nature of the problem counsels restraint. Just as the trial judge is not called upon to say whether the amount is higher than he personally would have awarded, so are we appellate judges not to decide whether we would have set aside the verdict if we were presiding at the trial, but whether the amount is so high that it would be a denial of justice to permit it to stand. We must give the benefit of every doubt to the judgment of the trial judge; but surely there must be an upper limit, and whether that has been surpassed is not a question of fact with respect to which reasonable men may differ, but a question of law."

In this case the question is close, and we must acknowledge that the evidence would have justified the trial judge to either grant or refuse a remittitur.

The evidence, in addition to the hospital expense, wage loss, and plaintiff's life expectancy of 22 years, consisted of the oral testimony of plaintiff, two of her children, and her attending physician. Defendant offered no witnesses on damages. The jury, doubtless impressed by the testimonial demeanor of plaintiff and her witnesses and the uncontroverted proof, accorded it full significance. From that proof and the inferences it supported, it could be found that the injuries sustained by plaintiff impaired her prior good health, which had enabled her (apparently without the aid of their father) to raise and support her children; that since the accident she has been prevented from engaging in any gainful employment involving physical exertion or in any activity which causes stress or tension, from remaining in one position for long periods of time, and from performing ordinary household duties such as washing, vacuuming, lifting, mowing grass, shoveling walks, and gardening; and that as a result of such activity she inevitably experiences episodes of debilitating pain in her neck and shoulder, requiring rest, medication, and heat treatments. Further, it could be found that she was com-

pelled to change her employment as a nurse's aid in a hospital psychiatric ward, which she found personally rewarding and which she desired to retain because it was within walking distance from her residence, to that of a clerk; that this was a sacrifice even though her wages from the latter employment are higher than the compensation paid by the hospital at the time she resigned; and finally, that the episodes of pain and disability plaintiff described will be, as the uncontroverted and unimpeached testimony of her attending physician permitted the jury to find, permanent.

We are satisfied that the court's refusal to reduce the award was not an abuse of discretion.

Affirmed.